THE UNITED STATES v. SAMUEL BREWSTER.

Indictment founded on the eighteenth section of the act of congress, passed on the 15th day of April 1816, entitled "an act to incorporate the subscribers to the Bank of the United States."

The indictment charged the defendant with uttering and forging "a counterfeit bill in imitation of a bill issued by the president," &c. of the bank. The forged paper was in these words and figures:

(5) F 745                               F 745 (5)
    Cashier                                   of the
             Bank of the United States,
       Pay to C. W. Earnest, or order, five dollars
Office of Discount and Deposit in Pittsburgh, the 10th day of Dec. 1829.
                            A. BRACKENRIDGE, Pres.

J. CORREY, Cash.
              Fairman, Draper, Underwood & Co.
(Indorsed)                      Pay the bearer,
                           C. W. EARNEST.

Held, that a genuine instrument, of which the forged and counterfeited instrument is an imitation, is not a *bill* issued by order of the president, &c. of the Bank of the United States, according to the true intent and meaning of the eighteenth section of the act incorporating the bank.

ON a certificate of division of opinion from the circuit court of the United States for the eastern district of Pennsylvania.

At the circuit court in October 1832, an indictment was found against the defendant, containing two counts.

The first, that on the 8th day of May 1832, he unlawfully and feloniously did sell, utter and deliver a false, forged and counterfeited bill, in imitation of a *bill* issued by order of the president and directors of the Bank of the United States, which said false, forged, and counterfeited bill, partly written and partly printed, is in the words and figures following, to wit:

(5) F 745                              F 745 (5)
    Cashier                                 of the
             Bank of the United States,
        Pay to C. W. Earnest, or order, five dollars
Office of Discount and Deposit in Pittsburgh, the 10th day of Dec. 1829.
                            A. BRACKENRIDGE, Pres.

J. CORREY, Cash.
              Fairman, Draper, Underwood & Co.
(Indorsed)                      Pay the bearer,
                           C. W. EARNEST.

with intent to defraud the president, directors and company of the Bank of the United States; he, the said Samuel Brewster, otherwise called Samuel B. Brewster, at the time he so sold, uttered and delivered the said false, forged and counterfeited *bill* as aforesaid, then and there well knowing the same to be false, forged and counterfeited, contrary to the form of the act of congress in such case made and provided, and against the peace and dignity of the United States of America.

The second count charged that the defendant did sell, utter and deliver, and did cause to be sold, uttered and delivered, a false, forged and counterfeited note, in imitation of and purporting to be a note issued by order of the president and directors of the Bank of the United States, which said last mentioned false, forged and counterfeited note, partly written and partly printed, was in the words and figures following, to wit [describing it in the same form as in the first count]: with intent to defraud the president, directors and company of the Bank of the United States; he, the said Samuel Brewster, otherwise called Samuel B. Brewster, at the time he so sold, uttered and delivered the said false, forged and counterfeited note as aforesaid, then and there well knowing the same to be false, forged and counterfeited, contrary to the form of the act of congress in such case made and provided, &c.

To this indictment, the prisoner pleaded not guilty; and, upon the trial, the following question occurred, upon which the opinions of the judges of the circuit court were opposed.

Whether the genuine instrument of which the said false, forged and counterfeited instrument is in imitation, is *a bill* issued by order of the president and directors of the said bank, according to the true intent and meaning of the eighteenth section of the act of congress, passed on the 16th day of April in the year of our Lord 1816, entitled "an act to incorporate the subscribers of the Bank of the United States."

And the said judges being so opposed in opinion upon the question aforesaid, the same was then and there, at the request of the district attorney for the United States, stated under the direction of the judges, and ordered by the court to be certified, under the seal of the court, to the supreme court, at their next session to be held thereafter, to be finally decided by the said

.supreme court; and the court being further of opinion that further proceedings could not be had in said cause without prejudice to the merits of the same cause, did order that the jury empannelled as aforesaid to try said cause, be discharged from giving any verdict therein.

The case was presented to the consideration of the court by Mr Taney, attorney-general. The defendant did not appear by counsel.

Mr Taney said :

The indictment was found under the provisions of the act of April 10th, 1816, sect. 18, incorporating the Bank of the United States. The offence charged in the first count is selling " a counterfeit bill;" in the second count the offence alleged is selling " a counterfeit note."

Under the provisions of the law the " note" or " bill" counterfeited, must be one issued " by order of the president and directors of the bank;" but this is not such *a bill*. It is drawn by the president and cashier of the branch bank of Pittsburgh on the mother bank at Philadelphia.

The attorney-general submitted the case to the court, after stating the sections of the bank charter which refer to " bills," " notes," and " bills of exchange," thus showing that the " notes" of the bank, and " bills of exchange" are not the same; while upon other words used in the eighteenth section, the offence charged against the defendant might have been the foundation of an indictment, the court would decide whether in this case as a " bill" or " note," the draft set forth in the indictment was properly described. He also cited 10 Petersd. 44; 2 East's Cr. Law, 876; 10 Petersd. 51.

The following certificate was directed to be issued to the circuit court.

. On a certificate of division in opinion of the judges of the circuit court of the United States for the eastern district of Pennsylvania.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the eastern

district of Pennsylvania, and on the question and point on which the judges of that court were opposed in opinion, and which was certified to this court for its opinion, agreeably to the act of congress in such case made and provided, and was argued by counsel: on consideration whereof, this court is of opinion, that the genuine instrument, of which the said false, forged and counterfeited instrument, in the certificate of division mentioned, is in imitation, is not a bill issued by order of the president, directors and company of the Bank of the United States, according to the true intent and meaning of the eighteenth section of the act of congress, passed on the 16th day of April in the year of our Lord one thousand eight hundred and sixteen, entitled, "an act to incorporate the subscribers of the Bank of the United States:" whereupon it is ordered and adjudged by this court, that it be certified to the said circuit court of the district of Pennsylvania, that the genuine instrument, of which the said false, forged and counterfeited instrument in the certificate of division mentioned is in imitation, is not a bill issued by order of the president, directors and company of the Bank of the United States, according to the true intent and meaning of the eighteenth section of the act of congress, passed on the 16th day of April in the year of our Lord one thousand eight hundred and sixteen, entitled, "an act to incorporate the subscribers of the Bank of the United States."